## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

DASHUNA RICHARDS AND
EDDIE HARRIS,

       Plaintiff,

                        CASE NO.: 16-cv-
v.                        HON:

CITY OF JACKSON, and MATTHEW
PETERS, in their individual and official capacities,

       Defendants.

| | |
|---|---|
| CHRISTOPHER TRAINOR & ASSOCIATES<br>CHRISTOPHER J. TRAINOR (P42449)<br>AMY J. DEROUIN (P70514)<br>Attorneys for Plaintiffs<br>9750 Highland Road<br>White Lake, MI  48386<br>(248) 886-8650<br>Amy.derouin@cjtrainor.com | |

THERE IS NO OTHER PENDING OR RESOLVED CIVIL ACTION ARISING
OUT OF THE TRANSACTION OR OCCURRENCE ALLEGED IN THE
COMPLAINT

## COMPLAINT AND JURY DEMAND

**NOW COME** Plaintiffs, **DASHUNA RICHARDS and EDDIE HARRIS,**

by and through their attorneys, CHRISTOPHER TRAINOR & ASSOCIATES, and

for their Complaint against the above-named Defendants states as follows:

1.     Plaintiff DASHUNA RICHARDS is a resident of the City of Jackson, County of Jackson, State of Michigan.

2.     Plaintiff EDDIE HARRIS is a resident of the City of Jackson, County of Jackson, State of Michigan.

3.     Defendant CITY OF JACKSON is a municipal corporation and governmental subdivision organized and existing under the laws of the State of Michigan.

4.     That Defendant MATTHEW PETERS is and/or was a police officer employed by Jackson Police Department at all times mentioned herein, and was acting under color of law, in his individual and official capacity, and within the course and scope of his employment at all times mentioned herein.

5.     All relevant events giving rise to this lawsuit occurred in the City of Jackson, County of Jackson, State of Michigan.

6.     Jurisdiction is vested in this Court pursuant to 28 U.S.C. § 1331 [federal question], 28 U.S.C. § 1343 [civil rights] and 28 U.S.C. § 1367(a) [supplemental jurisdiction for state claims].

7.     Venue is proper under 28 U.S.C. § 1391(b).

8.     That this lawsuit arises out of Defendants' violations of Plaintiff's federal constitutional rights as secured by the Fourth and Fourteenth Amendments of the United States Constitution and consequently, Plaintiff has a viable claim for damages under 42 U.S.C. § 1983.

9.    Defendants at all times acted under color of state laws, statutes, ordinances, regulations, policies, customs and usages of the State of Michigan and its' political subdivisions, including the City of Jackson.

10.   That the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00) not including interest, costs, and attorney fees.

## FACTS

11.   Plaintiffs reallege and incorporate by reference each and every paragraph of this Complaint as though fully set forth herein.

12.   On November 28, 2014, Plaintiffs DASHUNA RICHARDS and EDDIE HARRIS resided at 513 S. Blackstone Street in the City of Jackson, Michigan.

13.   Plaintiffs DASHUNA RICHARDS and EDDIE HARRIS owned a dog named "Kane Lee Chaney."

14.   On November 28, 2014, Defendant Peters responded to the 500 block of S. Blackstone Street to execute a court order.

15.   Defendant Peters went to the door of 513 S. Blackstone Street.

16.   Defendant Peters, without a search warrant or permission from a resident, opened the unlatched storm door and entered 513 S. Blackstone Street.

17.   Defendant Peters, *after* he entered the door to 513 S. Blackstone Street, then knocked on the storm door.

18.   Plaintiff Eddie Harris responded, asking who was there, and proceeded down
      the stairs to the entryway where Defendant Peters was located.

19.   The canine, Kane, came down the stairs with Plaintiff Harris to the entry way
      to see who entered the residence, as canines are predisposed to do.

20.   Kane was not aggressive and did not try to bite Defendant Peters.

21.   Defendant Peters, without permitting Plaintiff Harris to call or restrain the dog
      or act in any way to control Kane, shot Kane.

22.   Kane was then left by the Defendants, bleeding, in the entryway to 513 S.
      Blackstone Street without any attempt to save the animal or obtain veterinary
      care for Kane.

23.   Kane was four years old at the time he was murdered by Defendant Peters,
      and had been owned by Plaintiff's since the age of four weeks, and in that
      time was not an aggressive animal.

24.   Plaintiff Richards arrived home shortly after the incident to be told that her
      companion Kane was dead.

25.   This was not the first shooting by officers belonging to Defendant City of
      Jackson, as at least one other canine shooting occurred in August, 2014, when
      a dog named "Little Bit" belonging to a Kim Stewart was shot and killed at a
      home on West Silas Street in Jackson, Michigan.

26.    As a result of the illegal entry of Plaintiffs' home and shooting of Kane, Plaintiffs suffered economic and emotional losses directly attributable to Defendants' actions.

**COUNT I**
**VIOLATION OF THE FOURTH AMENDMENT**
**42 U.S.C. § 1983 UNREASONABLE SEARCH AND SEIZURE WITHOUT PROBABLE CAUSE**

27.    Plaintiffs reallege and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

28.    That the Fourth Amendment to the United States Constitution establishes that Plaintiff has the right to be free from the deprivation of life, liberty, and property without due process of law and to be free from unreasonable searches and seizures.

29.    At all material times, Defendants acted under color of law and unreasonably when they violated Plaintiff's Fourth Amendment rights.

30.    Defendants acted unreasonably and failed in their duty when they seized and destroyed Plaintiffs property, the canine, Kane, without a warrant or probable cause.

31.    Defendants acts were objectively unreasonable in shooting to kill the canine, and were intentional, grossly negligence, and amounted to reckless or callous indifference to Plaintiffs' rights.

32.   The killing of canine is a property seizure and deprivation that can constitute a claim under the Fourth Amendment, which can be brought under 42 U.S.C. §1983.

33.   The shooting of the Plaintiffs' dog was a severe intrusion given the emotional attachment between a dog and an owner.

34.   Defendants' intentional shooting and killing of the canine was unreasonable under the totality of the circumstances and more intrusive than necessary, therefore constituting an unreasonable search and seizure in violation of the Fourth Amendment to the United States Constitution.

35.   Defendants acted under color of law and are not entitled to qualified immunity because they violated Plaintiff's clearly established Fourth Amendment right to be free from unreasonable searches and seizures.

36.   Defendants' illegal and unconstitutional acts were the direct and proximate cause of Plaintiffs' deprivation of their Fourth Amendment rights.

37.   Due to Defendants' actions, Plaintiff's Fourth Amendment rights were violated and pursuant to 42 U.S.C. § 1983, Plaintiff respectfully requests this Honorable Court to award exemplary, compensatory, and punitive damages plus costs, interest, and attorney fees as set forth in 42 U.S.C. § 1988.

**WHEREFORE**, Plaintiffs respectfully requests that this Honorable Court enter an award in their favor and against Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) exclusive of interest, costs, and attorney fees.

**COUNT II**
**VIOLATION OF THE FOURTH AMENDMENT**
**42 U.S.C. § 1983— UNREASONABLE SEARCH AND SEIZURE**
**WITHOUT PROBABLE CAUSE**

38.  Plaintiffs reallege and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

39.  Defendants' actions constituted an unreasonable search and seizure under the Fourth Amendment because there was no warrant and no exigent circumstances to allow Defendant to enter Plaintiffs home and/or Defendant exceeded any authority he had to search Plaintiffs home.  Defendants could have conducted their business without legally entering Plaintiffs' residence and then intentionally shooting the canine.

40.  Defendants acted under color of law and are not entitled to qualified immunity because they violated Plaintiff's clearly established Fourth Amendment right to be free from unreasonable searches and seizures.

41.  Defendants' illegal and unconstitutional acts were the direct and proximate cause of Plaintiffs' deprivation of their Fourth Amendment rights.

42.     Due to Defendants' actions, Plaintiff's Fourth Amendment rights were violated and pursuant to 42 U.S.C. § 1983, Plaintiff respectfully requests this Honorable Court to award exemplary, compensatory, and punitive damages plus costs, interest, and attorney fees as set forth in 42 U.S.C. § 1988.

**WHEREFORE**, Plaintiffs respectfully requests that this Honorable Court enter an award in their favor and against Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) exclusive of interest, costs, and attorney fees.

<u>**COUNT III**</u>
<u>**DEFENDANT CITY OF JACKSON'S**</u>
<u>**CONSTITUTIONAL VIOLATIONS**</u>

43.     Plaintiffs reallege and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

44.     Defendant County of Jackson acted recklessly and/or with deliberate indifference when they practiced and/or permitted customs, policies, and/or practices that resulted in constitutional violations to Plaintiff.

45.     That these customs, policies, and/or practices included but were not limited to the following:

a.      Failing to train and/or supervise its officers so as to prevent violations of citizens' constitutional rights;

8

b.      Failing to adequately train and/or supervise police officers regarding the proper use of force;

c.      Failing to supervise, review, and/or discipline police officers whom the County of Jackson knew or should have known were violating or were prone to violate citizens' constitutional rights, thereby permitting and/or encouraging its police officers to engage in illegal conduct;

d.      Failing to control and/or discipline police officers known to harass, intimidate, and/or abuse citizens;

e.      Having a custom, policy, and/or practice of falsely arresting and/or illegally detaining citizens.

46.   Defendants' conduct was so reckless as to demonstrate a substantial lack of concern for whether an injury resulted.

47.   Defendants' deliberately indifferent acts and/or omissions were the direct and proximate cause of Plaintiff's injuries and damages.

48.   Plaintiff has a viable claim for compensatory and punitive damages pursuant to 42 U.S.C. § 1983, together with costs, interest, and attorney fees pursuant to 42 U.S.C. § 1988.

## COUNT IV
## CONVERSION

49. Plaintiffs reallege and incorporates by reference each and every paragraph of this Complaint as though fully set forth herein.

50. Conversion is any distinct act of dominion wrongfully exerted over another persons' property in denial of or inconstant with their rights therein under Michigan law.

51. Defendants' killing of the canine Kane was a distinct act of dominion wrongfully exerted over Plaintiff's dog in denial of or inconsistent with Plaintiffs' rights.

52. As a result of Defendants' unlawful actions, Plaintiffs suffered injuries and damages.

53. Defendants' actions were so egregious and so outrageous that Plaintiffs' damages were heightened and made more severe so that Plaintiff is entitled to exemplary damages.

**WHEREFORE**, Plaintiffs respectfully requests that this Honorable Court enter an award in their favor and against Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) exclusive of interest, costs, and attorney fees.

## COUNT V
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

54.     Plaintiffs reallege and incorporates by reference each and every paragraph
of this Complaint as though fully set forth herein.

55.     Defendants' conduct on November 28, 2014, was extreme and outrageous,
beyond the bounds of human decency and could be regarded as extreme
and outrageous conduct completely intolerable in civilized society and
would case an average citizen to exclaim, "Outrageous!"

56.     Defendants' actions described herein in entering Plaintiffs' home without
warrant, permission or exigent circumstances, and then "taking" their
property by shooting and killing Kane without hesitation or remorse or
attempt to avoid such actions were intentional, reckless, and beyond the
pale.

57.     Defendants' actions caused Plaintiffs' severe emotional distress, so severe
that no reasonable person could be expected to endure such distress,
including severe horror, grief, anger, depression, and concern and fear for
their own safety.

**WHEREFORE**, Plaintiffs respectfully request that this Honorable Court enter an award in their favor and against Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) exclusive of interest, costs, and attorney fees.

## COUNT VI
## GROSS NEGLIGENCE

58.    Plaintiffs reallege and incorporate by reference each and every paragraph of this Complaint as though fully set forth herein.

59.    The governmental agency that employed Defendant was engaged in the exercise or discharge of a governmental function.

60.    The conduct of Defendant amounted to gross negligence that was the proximate cause of Plaintiffs' injuries and damages.

61.    Defendant Peters was working for the Jackson Police Department at the time of the incident complained of herein and had a duty to perform their employment activities so as not to endanger or cause harm to Plaintiffs.

62.    Notwithstanding these duties, Defendant breached his duties with deliberate indifference and gross negligence and without regard to Plaintiffs' rights and welfare, which caused serious injuries and damages to Plaintiffs.

63.    Defendant knew or should have known that by breaching these duties, harm would come to Plaintiffs.

64.    That according to MCL 691.1407(2), the breach of Defendant's duty to exercise reasonable care was reckless and amounts to gross negligence.

65.    That as a direct and proximate result of Defendant's indifferent/grossly negligent acts and/or omissions, Plaintiffs suffered injuries and damages.

66.    The actions of Defendant was so egregious and outrageous that Plaintiffs' damages were heightened and made more severe, thus Plaintiffs is entitled to exemplary damages.

**WHEREFORE**, Plaintiffs respectfully request that this Honorable Court enter an award in their favor and against Defendants in an amount in excess of Seventy-Five Thousand Dollars ($75,000.00) exclusive of interest, costs, and attorney fees.

Respectfully Submitted,
CHRISTOPHER TRAINOR & ASSOCIATES

BY: **s/ Christopher J. Trainor**
CHRISTOPHER J. TRAINOR (P42449)
AMY J. DEROUIN (P70514)
Attorney for Plaintiff
9750 Highland Road
White Lake, MI  48386
(248) 886-8650
amy.derouin@cjtrainor.com

Dated:  September 28, 2016
CJT/sls

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

DASHUNA RICHARDS AND
EDDIE HARRIS,

     Plaintiff,

                        CASE NO.: 16-cv-
v.                            HON:

CITY OF JACKSON, and MATTHEW
PETERS, in their individual and official capacities,

     Defendants.

| CHRISTOPHER TRAINOR & ASSOCIATES<br>CHRISTOPHER J. TRAINOR (P42449)<br>AMY J. DEROUIN (P70514)<br>Attorneys for Plaintiffs<br>9750 Highland Road<br>White Lake, MI  48386<br>(248) 886-8650<br>Amy.derouin@cjtrainor.com | |

## DEMAND FOR TRIAL BY JURY

**NOW COME** Plaintiffs, **DASHUNA RICHARDS and EDDIE HARRIS,**

by and through their attorneys, CHRISTOPHER TRAINOR & ASSOCIATES, and

hereby makes a Demand for Trial by Jury in the above-captioned matter.

Respectfully Submitted,
CHRISTOPHER TRAINOR & ASSOCIATES

BY: **s/ Christopher J. Trainor**
CHRISTOPHER J. TRAINOR (P42449)
AMY J. DEROUIN (P70514)
Attorney for Plaintiff
9750 Highland Road
White Lake, MI  48386
(248) 886-8650
amy.derouin@cjtrainor.com

Dated:  September 28, 2016
CJT/sls